STATE OF MISSOURI TO USE OF KNAPP, STOUT & Co., Appellants, v. JOHN FINN ET AL., Respondents.

St. Louis Court of Appeals, November 24, 1885.

1. EXECUTION—STAY—SUPERSEDEAS—PRACTICE.—The right to stay an execution being in derogation of common law, the party claiming a stay must bring himself within the terms of the statutes.

2. ——— ADMINISTRATION.—The pendency of an appeal taken by an administrator, against whom, jointly with others, a judgment has been rendered, will not, of itself, stay execution against his co-defendants.

APPEAL from the St. Louis Circuit Court, AMOS M. THAYER, Judge.

*Reversed.*

G. M. STEWART, for the appellant: A judgment void as to one is not void as to all. If void as to one, the appellate court may set it aside and enter a new judgment against all against whom it should have been entered. *Henry v. Gibson*, 55 Mo. 570; *Lenox v. Clarke*, 52 Mo. 115; *Buffum v. Ramsdell*, 55 Me. 252; *Holton v. Towner*, 81 Mo. 360. An execution can be stayed only upon a strict compliance with the statutes. *Gawtry v. Adams*, 10 Mo. App. 29.

E. T. FARISH, for the respondents: A judgment is an entirety, and what is meant by the entirety of a judgment is illustrated by the following decisions: *Rush v. Rush*, 19 Mo. 441; *Smith v. Rollins*, 25 Mo. 410; *Pomeroy v. Betts*, 31 Mo. 419; *Covenant Mut. L. Ins. Co. v. Clover*, 36 Mo. 392.

ROMBAUER, J., delivered the opinion of the court.

The plaintiff having obtained judgment against five defendants, with award of execution against four, the fifth being an administrator, all the defendants appealed without giving a *supersedeas* bond.

After this appeal was taken, the plaintiff caused an execution to be issued, according to the award of the judgment in his favor, against all the defendants except the administrator. They moved to quash this execution on the ground that there was an appeal pending in the cause, and that there was a *supersedeas* existing as to all the defendants, and as to all and every part of said judgment by reason of the facts that one of the defend-, ants therein was an administrator, and his appeal, without bond, works a *supersedeas* of the judgment.

This motion was sustained by the court, and the plaintiff appealed to this court, assigning as error that it was illegally sustained.

It will be thus seen that the only question presented for our consideration is, whether the pendency of an appeal taken by an administrator, against whom jointly with others a judgment has been rendered, will, of itself, stay execution on the judgment against his co-defendants.

The case relied on by the defendants, as leading to that conclusion is *Welsh v. Eyermann* (7 Mo. App. 588), in which this court held that an appeal taken by one of two defendants, from this court to the supreme court, and the giving of a *supersedeas* bond by him, would necessarily stay the execution against his co-defendant who had given a *supersedeas* bond in the lower court, but had no right of appeal, under the constitution, from this court to the supreme court.

It will be observed that the two cases are practically, essentially different. In that case a *supersedeas* bond was on file in the cause, and the only question was, whether it had ceased to work a stay while the appeal was being prosecuted by the only defendant who, under the law, could prosecute it, and who had secured the plaintiff's demand by an additional *supersedeas* bond. In this case no *supersedeas* bond has ever been given anywhere.

It is true this court, put its ruling upon the ground, that the judgment against the city and Eyermann was an

entirety, and that the appeal by the city to the supreme court took the entire cause there and not one-half of it, and it is that part of the opinion which led the trial court in the case at bar to rule as it did.

A judgment against several parties is, undoubtedly, an entirety for certain purposes. When directly assailed and vacated for causes affecting its validity as to all, it vacates the entire judgment. This has frequently been decided. But it has been decided, with equal uniformity, that a judgment though absolutely void as to some of the defendants, may be enforced against the others. *Lenox v. Clarke*, 52 Mo. 115 ; *Wernecke v. Wood*, 58 Mo. 352; *Holton v. Towner*, 81 Mo. 360. This result would be impossible if it was an entirety for all purposes.

The judgment itself is not superseded by an appeal although bond be given. Its enforcement by execution is temporarily stayed, and that is all. The statute expressly provides that such enforcement shall not be stayed by appeal, except where the appellant is an executor, administrator, guardian, or curator, or where the appellant or some responsible person for him enters into a sufficient recognizance to the other party as provided by statute. The right thus to stay the execution being in derogation of the common law, the party claiming it must bring himself within the terms of the statute. *Gawtry v. Adams*, 10 Mo. App. 30 ; Herm. Ex. 696, *n. i.* We can not extend this right by implication.

As the facts which called for the ruling made in *Welsh v. Eyermann*, can not possibly recur again under the present constitution, it is needless to review it. It is sufficient to say that the present case is essentially different in its facts, and that a correct interpretation of the statute entitles the plaintiff, upon the facts disclosed by this record, to an execution against all the defendants against whom execution was awarded by the terms of the judgment.

With the concurrence of all the judges, it is ordered that the judgment of the trial court, quashing the plaintiff's execution, be reversed.