COMMERCE BANK OF KANSAS
CITY, N.A., Relator,

v.

The Honorable Alvin C. RANDALL, Judge of the Circuit Court of Jackson County, Missouri, Division Four, Respondents.

No. WD 35747.

Missouri Court of Appeals,
Western District.

Aug. 14, 1984.

Benjamin F. Mann, Kansas City, for relator; Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, of counsel.

Earl H. Schrader, Jr., Kansas City, for Missouri Highway and Transp. Com'n.

Thomas F. Fisher, Kansas City, for A.H. Myers, Jr., Executor, Est. Flora Myers.

Before PRITCHARD, P.J., and LOWENSTEIN and BERREY, JJ.

## ORIGINAL PROCEEDINGS IN PROHIBITION

PRITCHARD, Presiding Judge.

After reversal and remand of *State ex rel. State Highway Commission v. Morganstein, et al.*, 649 S.W.2d 485 (Mo.App. 1983), the trial court, on September 14, 1983, entered judgment against the Executor of the Estate of Flora E. Myers, deceased, a party in that action, in the amount of $415,626.58, being principal and interest to that date on a jury's award of condemnation damages which was $237,000

less than a commissioners' award which was drawn down by Mr. and Mrs. Myers, who were then both living. The judgment against the executor was not appealed, and it has therefore become final.

Relator, Commerce Bank, on January 5, 1978, pursuant to an agreement with the State Highway and Transportation Commission, and on behalf of its customer, Mrs. Flora E. Myers, then living, issued its letter of credit in lieu of her supersedeas bond on her then appeal (to avoid the Commission's levy of execution upon her residence on Meyer Circle in Kansas City) in an original amount of $350,000. Commerce, to secure itself after the commission released its levy of execution, took a note secured by a first deed of trust upon Mrs. Myers' property.

At interim times, Commerce increased and decreased the amount of its letter of credit, until at the time of reversal of 649 S.W.2d 485, supra, it was apparently in the amount of $204,950.00. Whether Commerce was liable for only $204,950 or the amount of the judgment, $415,626.58; whether it was a surety so as to give the trial court jurisdiction over it; whether Commerce anticipatorily repudiated the letter of credit in October, 1981; and whether it breached the terms of the letter of credit by reducing the amount thereof without advance notice to the commission, are issues not here reached because those issues (according to Commerce's brief) are pending the appeal in consolidated cases Nos. WD 35501 and WD 35518, entitled *State of Missouri ex rel. Missouri Highway and Transportation Commission*, Respondent, *v. Mary Morganstein, et al.*, Defendants, Commerce Bank of Kansas City, N.A., and A.H. Myers, Jr., Executor of the Estate of Flora Myers, Appellants.

On August 24, 1983, before the judgment against the executor was amended, the Commission filed its motion for judgment against Commerce, contending that its letter of credit was a supersedeas bond under Rule 81.11, and that it was entitled to judgment against Commerce, as a surety, for the full amount of its judgment against the

executor, irrespective of the stated amount of the letter of credit. On October 28, 1983, the trial court sustained the Commission's motion and entered judgment against Commerce for $415,626.58, with interest thereon from September 14, 1983. Both Commerce and the executor appealed from this judgment, and the Commission's motion to dismiss the executor's appeal was denied by this court on January 24, 1984.

On January 9, 1984, Commerce filed its application with this court for leave to file a supersedeas bond, which was granted on January 24, 1984, and the matter was referred to the trial court for the purposes of fixing the amount of the supersedeas bond; and the surety or sureties thereon, in conformity with Rule 81.09.

On February 1, 1984, Commerce applied for approval of its proposed bond (in the amount of $600,000, which the Commission conceded in oral argument to be sufficient if Commerce was held liable on its original and subsequent undertakings). At a conference before the trial court, the Commission advised that it had no objection to the amount, form or surety of the proposed bond, but contended that Commerce should be required to post a like bond naming the executor as principal and covering his judgment liability to the Commission at a subsequent hearing on that issue.

Respondent, after hearing on Commerce's application for approval of its offered $600,000 supersedeas bond, announced the intention to enter an order providing that, unless Commerce posts a supersedeas bond covering the executor's judgment liability to the Commission or the executor posts his own bond so doing, the Commission will be allowed to execute on the judgment against the executor against the assets of the estate which include the property that was formerly the residence of Mrs. Myers, free and clear of the deed of trust on that property held by Commerce. Commerce filed its petition for a writ of prohibition against respondent, which ultimately resulted in a preliminary rule therein.

Co-appellant executor has not as yet favored this court with a brief in his appeal explaining how he has any interest in the issuance by Commerce of its letter of credit. Nonetheless, he is an appellant, and was permitted to remain in that case by the order of this court. His real status as a party in interest, or a party aggrieved by the October 28 judgment against Commerce, will have to be determined upon submission of the case against it. As the record now stands, it must be presumed that the appeal is *by* the executor as such, and if so, under Rule 81.09, the appeal shall stay execution against him. Besides, the cases cited by relator hold to the effect that nothing requires one appellant to post a bond for the judgment liability for another appellant. *Cf. State of Missouri v. Finn,* 19 Mo.App. 557, 559 (1885); *State ex rel. Mathes v. Brackman,* 243 S.W.2d 793, 795 (Mo.App.1951), noting that *State, to the Use of Knapp, Stout & Co. v. Finn,* 19 Mo.App. 557, supra, held it to be error to sustain a motion to quash an execution against four of five defendants, all of whom were appealing an adverse judgment, where those four defendants had not given a supersedeas bond. In the posture presented in this case, nothing persuasive appearing to the contrary, the literal words of Rule 81.09 must be applied. The separate and final judgment, of August 24, 1983, is against the executor alone. The liability of Commerce, if any, for all or part of that judgment, must await the determination of the issues on its appeal.

The order that Commerce post a supersedeas bond for the executor is conditional and alternative, in that it either required Commerce to post an executor's supersedeas bond, or that the executor himself post one, with the further proviso that if neither did so, the Commission could execute on the residence free and clear of Commerce's deed of trust. In *Wallace v. Hankins,* 541 S.W.2d 82, 84–85[6–9] (Mo. App.1976), conditional and alternative judgments and decrees were discussed: "A conditional judgment or decree is one whose enforcement is dependent on the performance of future acts by a litigant and is to be annulled if default occurs. An alternative judgment or decree is for one thing or

another but does not declare in a definitive manner which alternative will ultimately prevail. Conditional and alternative judgments and decrees are wholly void as they do not perform in praesenti and leave to speculation and conjecture what their final effect may be. * * * Since there has been no judgment or decree in praesenti rendered, there is no final appealable judgment or decree in the case." Because Commerce had no present right of appeal from the conditional and alternative order entered, the first requisite to the issuance of the extraordinary remedy of a writ of prohibition is satisfied.

■ Respondent exceeded his jurisdiction in failing to follow the reference by this court to fix the amount of Commerce's supersedeas bond: approval of the form of the bond, and the surety or sureties thereon, in conformity with Rule 81.09, and in requiring either Commerce or the executor to post such a bond for the executor when the rule does not require it. The preliminary rule in prohibition is made absolute with respect to requiring compliance with the order as entered, but respondent may proceed to rule Commerce's application for supersedeas bond with respect to its liability for the judgment entered against it alone.

All concur.