**STATE of Missouri ex rel. STATE HIGHWAY COMMISSION OF MISSOURI, Respondent,**

v.

**Mary E. MORGANSTEIN, et al., Exception of Ardeis H. Myers, et al., Appellants.**

No. WD 37450.

Missouri Court of Appeals, Western District.

May 13, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 26, 1986.

Application to Transfer Denied Sept. 16, 1986.

Thomas F. Fisher and Gregory M. Bentz, for appellants; Shughart, Thomson & Kilroy, Kansas City, of counsel.

Bruce A. Ring, Chief Counsel, Earl H. Schrader, Jr. and Jeffrey S. Eastman, Asst. Counsel, Kansas City, for respondent.

Before PRITCHARD, P.J., SHANGLER, J., and NORMILE, Special Judge.

PRITCHARD, Presiding Judge.

This is an appeal from an order of the trial court reviving a judgment rendered after jury trial on May 24, 1976, in condemnation proceedings. That judgment was for defendants against plaintiff for $150,-000 for the taking of their property; and for plaintiff against defendants for $237,-000, that being the difference between the commissioners' award of $387,000 (which was drawn down by and paid to defendants, Myers) and defendants' damages.

An appeal was filed in this court, which affirmed the judgment, but the Supreme Court ordered transfer of the case, and on September 11, 1979, in *State ex rel. State Highway Commission v. Morganstein*, 588 S.W.2d 472, 481 (Mo. banc 1979), affirmed the $150,000 damage award to the Myers; dismissed the cause as to the estate of Ardeis Myers, Sr.; vacated that portion of the judgment that ordered the original defendants to repay the Commission the $237,000 plus interest; and remanded the cause "for further proceedings consistent with the views expressed in this opinion." At page 478 of the opinion, the views appear to be that, on remand, the parties should be afforded an opportunity to explain what happened to the monies (after the Commissioners' award was drawn down) and whether a tenancy by the entirety existed in any of the excess proceeds on the date of Mr. Myers' death, January 20, 1974.

Upon further proceedings on remand, the trial court entered judgment for plaintiff against the Estate of Flora E. Myers, deceased, for $119,500, that being one-half of the difference between the previously-paid Commissioners' award and the original defendants' damages. Further appeal was had, and on February 15, 1983, this court reversed the judgment and remanded the cause with directions to enter judgment for the State Highway Commission and against the Estate of Flora E. Myers, in the amount of $237,000 plus interest from February 21, 1971. In *State ex rel. State Highway Commission v. Morganstein*, 649 S.W.2d 485 (Mo.App.1983), after reviewing the evidence tracing the disposition of the Commissioners' award after it was drawn down by Mr. and Mrs. Myers, the court concluded that the disposition of the fund was for the beneficial use of both of them and therefore there was no severance of the original tenancy by the entirety. The judgment was reversed, and it became final on May 31, 1983, when the Supreme Court denied an application to transfer. On September 14, 1983, by an amended order, the trial court entered judgment against the estate of Flora E. Myers, for $237,000, plus interest at 6% from February 21, 1971, to that date, in total amount of $415,626.58. No appeal was ever lodged on the latter judgment, so it in turn has become final.

Rule 74.36 provides: "The plaintiff or his legal representative may, at any time within ten years, sue out a *scire facias* to revive a judgment and lien; but after the expiration of ten years from the rendition of the judgment no *scire facias* shall issue. The *scire facias* may be in the form of an

order to show cause issued on motion *ex parte* by the clerk or judge of the court."

The judgment here of May 24, 1976, entitled the State Highway Commission to recover the difference between the damages for the property taken, $150,000, and the Commissioners' award, $387,000. The initial judgment for that difference, $237,000, was against Flora Myers and the estate of Ardeis H. Myers, deceased, et al. None of the subsequent appeals affected the State Highway Commission's *right* to recover the difference of $237,000 against *someone.* The issue on all of the appeals was who was liable to repay the excess draw-down over the award of damages for the taking.

Appellant seizes upon the word "vacate" in the Supreme Court's opinion, 588 S.W.2d 472, at 481, as meaning that the judgment of May 24, 1976, was void. "It ceased to exist", it is said. The contention, of course, ignores the further language that the cause was remanded to determine whether the Myers' original tenancy by the entirety was terminated on disposition of the drawn-down Commissioners' award. That was the real issue to be determined on remand. Of course, depending on the evidence, it may well have been that the State Highway Commission would have had no party against whom to execute the judgment, if it had been held that the Myers mutually terminated the tenancy by the entirety, that Ardeis H. Myers, Sr. got all of the benefit from the fund, it being held that the motion to substitute his executors was untimely, and no claim for repayment of the excess could be maintained. 588 S.W.2d at 481. But that is not what happened. On remand and further appeal, it was held that the tenancy by the entirety had not been terminated, and the estate of Flora E. Myers was liable to repay the excess on the pre-existent joint and several liability for that repayment.

As noted, Rule 74.36 says that at any time within ten (10) years, a scire facias may issue to revive a judgment, but after ten (10) years from the *rendition* of the judgment, no scire facias shall issue. Respondent cites *Kansas City v. Field,* 270 Mo. 500, 194 S.W. 39, 42[3] (Mo.1917), which holds that "no execution may issue upon an unrevived judgment, if 10 years has elapsed from the date of the rendition of such judgment by the circuit court, regardless of whether such judgment was appealed from or not. (Citing cases.)" See also the cited case of *Wormington v. City of Monett,* 358 Mo. 1044, 218 S.W.2d 586, 587[1], 589[5] (banc 1949).

All that the word "vacated" means in the Supreme Court opinion, supra, page 481, is that the judgment against the estate of Flora E. Myers was set aside. It must be read in light of the order remand to determine who was liable to repay, and if so, in what proportions of the excess of the drawn-down Commissioners' award over the damages for the land taken. It did not reverse the original part of the judgment awarded the State Highway Commission for that excess, whoever might ultimately be found liable therefor. Respondent had a clear right under the Rule to revive that judgment.

The judgment of revivor is affirmed.

All concur.