Walter A. STEPHENS and Jeannie Mae
Stephens, Claimants–Appellants,

v.

Jacqueline BRENTON, Conservator of
the Estate of Charles A. Campbell,
Disabled, Respondent.

No. 20278.

Missouri Court of Appeals,
Southern District,
Division Two.

March 14, 1996.

Motion for Rehearing and Transfer
to Supreme Court Denied
April 5, 1996.

Frank K. Carlson and Kurt L. Hellman,
Carlson & Hellman, of Union, for appellants.

David Steelman, John D. Beger, Rolla, R.
Brooks Kenagy, Steelville, for respondent.

PREWITT, Presiding Judge.

Appellants' claim against the Estate of
Charles A. Campbell, a "totally disabled per-
son," was denied as being time barred under
Section 475.210, RSMo 1986 (then in effect,
but since amended, *see* § 475.210, RSMo
1994). Section 475.210, RSMo 1986, is set
out marginally.[1]

Appellants present three points relied
on. For their first point, they state:

> The trial court erred in denying appel-
> lants' claim against respondent, upon a
> finding that notice of the pendency of ap-
> pellants' suit in the Circuit Court of the
> City of St. Louis, upon which the said
> claim was based, was not timely filed with
> the Probate Court of Crawford County, in

---

1. 475.210. **Claims against disabled person
barred, when**
   All claims against the estate of a protectee for
whose estate a conservator was appointed upon
the basis of a determination of disability other
than minority, based on liabilities arising prior to
the conservatorship, except contingent claims
and claims of any tax authority within the United
States, not filed in the probate division of the
circuit court within six months from the date of
the first insertion of the publication of notice of

the appointment of the first conservator, shall be
forever barred. The filing in the probate division
of the circuit court of a notice of the pendency in
some other court or division of an action, suit or
proceeding against the protectee or the conserva-
tor, or of a copy of the judgment or decree of
such other court or division in such action, suit
or proceeding shall be deemed a filing of the
claim asserted in such action, suit or proceeding
for purposes of this section.

that notice to the Crawford County Probate Court was in fact timely filed on five separate occasions, including three times by respondent.

In support of this point, Appellants cite § 475.210, RSMo 1986, §§ 473.360 and 473.363, RSMo 1978, and *Missouri Highway and Transportation Comm'n v. Myers*, 785 S.W.2d 70 (Mo. banc 1990) (discussing the latter two Sections). The five documents referred to in Point I are hereafter discussed.

The first one referred to is a letter from an attorney, who apparently represented the Burlington Northern Railroad Company, to the clerk of the Probate Division of the Circuit Court of Crawford County, stating:

Re: Charles Campbell, et al. vs. Burlington Northern Railroad Company, et al.

Dear Madam:

Please send me copies of all the Court records from the Probate Division concerning one Charles Campbell who was declared incompetent by Judge Howell on October 23, 1990. If there is an advance charge for these records, please let me know and I will be happy to forward our firm's check.

Thank you for your cooperation. [end of body of letter]

This letter contains no reference to this case or claim, only to the disabled person's claim against the Burlington Northern Railroad Company.

The next document referred to is a letter from the Associate Circuit Judge of the Probate Division to an attorney for the Estate, saying:

In Re: Charles A. Campbell Estate # CV1190–79P

Dear Brooks:

In reviewing the Inventory and Appraisement, the potential personal injury claim has not been included as an asset. The Inventory should be amended to describe that claim, although the value may be unknown. We have docketed this estate for 3/5/91 to review the filing of an amended Inventory. [end of body of letter]

Obviously, this letter only has reference to the disabled person's claim against the Burlington Northern Railroad Company. The Appellants' claim would not be "an asset" of the estate.

The third document is the Inventory and Appraisement of the estate. Under personal property, the following is stated:

Contingent claim for personal injuries pending in Cause No. 862–00143, Circuit Court of St. Louis City, in re Walter A. Stephens, et al. vs. Charles A. Campbell, et al. . . . [value] unknown

The disabled person's claim was a cross-claim under the style just recited. The manner in which it is included indicates that it is Charles A. Campbell's claim against the railroad company to which is being referred. That is also true with the Annual Settlement (the fifth document), which states the following, but does not otherwise identify the claim: "All other personal property (contingent claim for personal injuries[) ]," and "All other personal property (contingent claim for personal injury)."

The only document which appears to describe Appellants' claim is the fourth document, a "Petition for Approval of Attorney Employment Contract" filed by attorneys who had been representing Charles A. Campbell, previous to the finding that he was a disabled person. They wished to continue representing him on his claim for personal injuries against Burlington Northern Railroad Company. This document also states:

1. The above-named individual [Charles A. Campbell] was involved in a car/train collision on or about February 16, 1985, in Franklin County, Missouri.

2. As a result thereof actions were instituted against Charles Campbell and Burlington Northern Railroad, Inc., by Stanley Krumrey, III, Tammy Deuser, and the family of the late Warren Stephens, deceased [Appellants], seeking damages for personal injury and wrongful death as the result of that collision.

On March 13, 1991, the trial court entered its (perhaps mislabeled) "Order Of Proving Attorney Employment Contract."

Appellants acknowledge that neither they nor anyone for them filed the notice contemplated by Section 475.210, RSMo 1986, within six months from the initial publication of the notice of appointment of the Conservator. Appellants' reliance on *Myers* is misplaced. We are, of course, constitutionally bound to follow the most recent controlling decision of the Missouri Supreme Court. *Godfrey v. Union Elec. Co.*, 874 S.W.2d 504, 505 (Mo.App.1994); Article V, Section 2 of the Missouri Constitution (1945). The parties appear to agree that *Myers* is this decision.

Perhaps the dissents in *Myers* are favorable, but as we read the principal opinion, it was Appellants who had an obligation to file the notice, and reliance on other documents in the files to supply this deficiency is not sufficient. *See Myers*, 785 S.W.2d at 75–76. *See also Rushing v. Southern Mo. Bank*, 859 S.W.2d 211, 222–23 (Mo.App.1993). Point I is denied.

For their second point, Appellants state:

> The trial court erred in denying appellants' claim against respondent, upon a finding that the claim was barred by the provisions of Section 475.210 RSMo., in that appellants' claim was not based upon a liability arising prior to the conservatorship within the meaning of Section 475.210 RSMo., and said claim [is] therefore specifically excepted from the time bar.

That point is without merit. Appellants' claim arose prior to the conservatorship, as it accrued on the day of the collision. *Helliker v. Bram*, 277 S.W.2d 556, 561 (Mo.1955). *See also Excel Drug Co., Inc. v. Missouri Dep't of Revenue*, 609 S.W.2d 404, 409 (Mo. banc 1980), and *Anderson v. Griffin*, 684 S.W.2d 858, 860–61 (Mo.App.1984) (noting that statute of limitations runs from time injured party has the right to sue). Point II is denied.

For their third point, Appellants state:

> The trial court erred in denying appellants' claim against respondent, upon a finding that claimants' [sic] entered a voluntary dismissal of their claim on May 19, 1993 in that the action below was an adversarial probate proceeding in which the Missouri Rules of Civil Procedure apply and Rule 67.01 granted claimants the right to refile their claim after dismissing their original claim without prejudice.

As the claim was barred before the voluntary dismissal, it is not necessary to determine if, had it initially been timely filed, it could have been re-filed without being barred.

The judgment is affirmed.

SHRUM, C.J., and CROW, J., concur.