**In re ESTATE OF Rita GLOVER,**
**Deceased.**

**Carthell Glover, Appellant,**

v.

**Lilly Kell, Respondent.**

No. 74868.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 27, 1999.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 3, 1999.

Application for Transfer Denied
Aug. 24, 1999.

Daniel R. Devereaux, St. Louis, for appellant.

Christopher P. Sims, Donald V. Nangle, St. Louis, for respondent.

ROBERT G. DOWD, Jr., Chief Judge.

Appellant Carthell Glover (Carthell) appeals from the trial court's order dismissing his petition for revocation of independent administration filed in the Estate of Rita Glover.[1] Carthell contends the trial court erred in ruling that the petition was time barred because the court had subject matter jurisdiction and the lack of notice under the nonclaim statute, Section 473.360, RSMo Supp.1998, is not a jurisdictional bar. Carthell further contends the trial court erred as a matter of law in finding there was no estoppel. We affirm.

Carthell is the son of decedent William Glover and the stepson of decedent Rita Glover. Carthell brought a wrongful death action against defendants Dennis Hornsby and Rita Glover for the death of William Glover. In November 1996, during the pendency of the wrongful death action, Rita Glover died. In December 1996, Carthell filed a motion in the wrongful death action seeking the substitution of Mark Ostenfeld, the public administrator, to serve as a party defendant upon the suggestion of death of Rita Glover. On December 16, 1996, Christopher Simms (Simms), attorney for Lilly Kell (Kell), advised Carthell's attorney by letter that Kell had filed an application for letters testamentary for Rita Glover's estate and that they expected an order of appointment and a probate cause number in the next few days.

On January 2, 1997, Kell was appointed the personal representative for the Estate of Rita Glover. On January 4, 1997, notice of the letters testamentary appointing Kell was first published. On January 8, 1997, Donald Nangle (Nangle), Rita Glover's attorney, filed a Suggestion of Death and Motion to Substitute in the wrongful death action.

1. The order dismissing Carthell's motion for revocation of independent administration was not specifically denominated a "judgment." However, Rule 74.01 does not require every order in a probate proceeding which is subject to appeal under Section 472.160, RSMo 1994, to be labeled a judgment before it can be appealed. *Kemp v. Balboa,* 959 S.W.2d 116, 118 (Mo.App. E.D.1997); Section 472.160.1.(9) and .(13), RSMo 1994. We do not find Rule 74.01(a) applicable to this case. The appeal is properly before us.

On February 4, 1997, Carthell filed his petition for revocation of Kell's independent administration of the Estate of Rita Glover. This petition was later amended and included the $500,000 judgment against Kell, as personal representative, from the wrongful death action. In his Second Amended Petition, Carthell alleged that Kell and Simms paid Nangle and Art Muegler (Muegler), another of Rita Glover's attorneys, an excessive amount for attorneys' fees out of the estate. Carthell also alleged Kell and Simms made improper disbursements from the estate to the attorneys, Nangle and Muegler, in violation of a district court order. Carthell sought the revocation of Kell's independent administration of the Estate of Rita Glover and also the revocation of the letters of administration of Kell as the personal representative. Carthell further sought a judgment against Kell and Simms in the amount of the improper disbursements for attorneys' fees, with the judgment to be paid back into the estate.

In response, Kell and Simms filed their motion to dismiss arguing that Carthell was not an interested party with standing to raise these issues because 1) he had not filed a verified notice of his claim as required by Section 472.080, RSMo 1994; and 2) his claim is not enforceable as he did not timely file his claim with the probate court as required by Section 473.360, RSMo Supp.1998. The notice of letters testamentary was first published on January 4, 1997. Carthell did not file a copy of the petition and a copy of the Suggestion of Death and Motion for Substitution of Parties with the probate division until August 6, 1997. They further asserted that Kell, as personal representative, and Simms, her attorney, owed no duty to Carthell, but rather owed duties to the beneficiaries of the estate.

The trial court granted Kell and Simms' joint motion to dismiss and dismissed Carthell's Second Amended Petition. The trial court found that the failure to file notice with the probate division prevented the court from considering the claim and barred recovery against the estate and its assets. The trial court held that since Carthell did not have an enforceable claim against the estate, he was not an interested party, and therefore, he did not have standing to petition the court for the revocation of independent administration. The trial court did order a hearing concerning Kell's management, as personal representative, of the Estate of Rita Glover.

Our standard of review is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), and we must uphold the trial court's judgment unless it is not supported by substantial evidence, is against the weight of the evidence, or the court has erroneously declared or applied the law. *Id.* at 32.

In Point I, Carthell argues the trial court erred in ruling that the petition was time barred because the court had subject matter jurisdiction and the lack of notice under Section 473.360, RSMo Supp.1998, is not a jurisdictional bar.

The time frame for filing claims with the probate division is mandated by Section 473.360, RSMo Supp.1998. This section provides:

1. ... all claims against the estate of a deceased person ... which are not filed in the probate division of the circuit court within six months after the date of the first published notice of letters testamentary or administration ... are forever barred against the estate, the personal representative, the heirs, the devisees and legatees of the decedent.

* * *

2. Unless written notice of actions instituted or revived under section 473.363 or 473.367 is filed in the probate division within six months after the first published notice of letters, no recovery may be had in any such actions on any judgment therein against the personal representative out of any assets being administered upon in the probate division or from any distributee or other person receiving the assets.

Section 473.363, RSMo 1994, is a specific application of this nonclaim statute. Section 473.363.1 states:

1. Any action pending against any person at the time of his death, which, by law, survives against the personal representative, is considered a claim duly filed against his estate from the time substitution of the personal representative for the deceased defendant, or motion thereof, is made and written notice thereof is filed in the probate division.

Carthell attempts to argue the nonclaim statute is jurisdictional only in a "limited sense." Carthell relies on Section 473.013, RSMo 1994, which provides, in part, "No notice is jurisdictional except the notice by publication provided in Section 473.033, unless the provision requiring the notice expressly provides that the notice is jurisdictional." Carthell argues Section 473.360 is not expressly jurisdictional. However, we are bound by the Supreme Court which has held strict compliance with Section 473.360 is mandatory and jurisdictional. *Missouri Highway and Transp. Com'n v. Myers,* 785 S.W.2d 70, 73 (Mo. banc 1990); *State ex rel. Whitaker v. Hall,* 358 S.W.2d 845, 849 (Mo. banc 1962).

To avoid the consequence of his inaction, Carthell contends he should be permitted to proceed because different rules apply in an independent administration. Carthell argues notice to the personal representative is sufficient because this was an independent administration and there is no need for a separate notice to the probate division. However, there is no such distinction between supervised estates and independent administrations in Sections 473.360 and 473.363. Further, the Supreme Court has applied Section 473.360 to independent administrations. *See Hatfield v. McCluney,* 893 S.W.2d 822, 827 (Mo. banc 1995).

Although the estate in *Myers* was supervised, the same analysis of Section 473.363 applies to this independent administration. In *Myers* the Supreme Court noted that Section 473.363.1 has two requirements:

(1) substitution of the personal representative for the deceased defendant in the pending action, or motion for such substitution must be filed in that action; and (2) written notice of such substitution or motion must be filed in the probate division. *Myers,* 785 S.W.2d at 73. "It is necessary that both requirements be met before a claim represented by an action pending at the decedent's death can be considered by the probate court." *Id.*

Here, as in *Myers,* the second requirement was not timely fulfilled. Letters testamentary were first published on January 4, 1997. Carthell filed notice with the probate division on August 6, 1997, seven months and two days after the date of the first publication of letters. This filing does not comply with the requirements of Sections 473.360 and 473.363, which are indispensable jurisdictional prerequisites. *Id.*

Therefore, the trial court correctly found that Carthell did not have an enforceable claim against the estate. The probate code defines "interested parties" as meaning "heirs, devisees, spouses, creditors or others having a property right or claim against the estate of a decedent being administered." Section 472.010.(15), RSMo 1994. Based on this definition, Carthell is not an interested party, and therefore, he does not have standing to petition for revocation of independent administration. Point denied.

■ In Point II, Carthell also contends the trial court erred as a matter of law in finding there was no estoppel and in making intent an element of estoppel. Carthell argues Kell and Simms should be estopped from invoking Section 473.360 because of a statement Simms made in a December 16, 1996, letter to Carthell's attorney. This letter was mailed to Carthell in response to his mailing of December 12, 1996, of a Motion for Substitution of a Party in the wrongful death action and a Notice for Hearing on the same. In his December 16, 1996, reply letter, Simms wrote to Carthell's attorney advising him that Kell

had applied for letters testamentary and that they expected a letter of appointment in a few days. Simms concluded the letter by stating, "Doesn't this address the problem you are attempting to resolve? ... Please contact me at your convenience to discuss the necessity of our appearance [at the hearing on the motion for substitution]."

■ There are three essential elements to equitable estoppel: (1) an admission, statement, or act inconsistent with the claim afterwards asserted and sued upon; (2) action by the other party on the faith of the admission, statement, or act; and (3) injury to such other party, resulting from allowing the first party to contradict or repudiate the admission, statement, or act. *Myers,* 785 S.W.2d at 73. The doctrine of equitable estoppel is not a favorite of the law and will not be applied lightly. *Farmland Industries, Inc. v. Bittner,* 920 S.W.2d 581, 583 (Mo.App. W.D. 1996). It can only be used when each element clearly appears, and the burden of proof is upon the party asserting it to establish the essential facts by clear and satisfactory evidence. *Id.*

Simms' statement in the December 16, 1996, letter is not an assertion that Carthell did not need to file a motion to substitute in the pending action and to provide notice of the substitution to the probate division. The statement is not inconsistent with any position on which Kell and Simms relied. Carthell has not proven by clear and satisfactory evidence the essential facts to establish estoppel. The trial court's discussion of intent as an element of estoppel does not constitute reversible error.

■ Further, Carthell is asserting ignorance of the law as a defense, arguing he did not know he was required to file notice of substitution in the probate division within six months of the publication of letters testamentary. As stated in *Myers,* "[t]his is not want of 'knowledge of a fact' but a self-professed lack of understanding of the law's requirement, which could have been ascertained from a reading of the statutes and pertinent cases." *Myers,* 785 S.W.2d at 75. Persons are conclusively presumed to know the law. *Id.* Point denied.

For the foregoing reasons, the judgment of the trial court dismissing Carthell's petition is affirmed.

KAROHL, J., concurs.

CHARLES B. BLACKMAR, Sr.J., concurs in separate opinion.

CHARLES B. BLACKMAR, Senior Judge, concurring.

As an ad hoc panelist of an intermediate appellate court, I dutifully follow the opinion of the Supreme Court in *Missouri Highway and Transp. Com'n v. Myers,* 785 S.W.2d 70 (Mo. banc 1990). The principal opinion properly applies the law under the strictures of that opinion, and so I concur in it.

I retreat not one inch from my position that the *Myers* opinion is seriously flawed, for the reasons stated in my dissenting opinion in that case, and in the dissenting opinion of Judge Higgins in which I concurred. 785 S.W.2d at 76–77.

The trial judge in this case spoke critically of the *Myers* case as applied to the case before him, observing in a footnote as follows:

This is especially so given the particular facts of this case, namely that the civil suit and the probate estate are both filed in the same circuit, the attorney for the estate is also actively involved in the civil suit and the estate is being administered independently rather than under the supervision of the probate court. Certainly the independent personal representative and her attorney had actual knowledge of Carthell Glover's claim from the time they opened Rita Glover's estate and well within the six month time period. But, as they stand now, the statute itself and cases interpreting it leave the Court no room to create an exception.

I thought that I had pretty much exhausted the subject in my dissenting opinion in *Myers*, reinforced by Judge Higgins' views, but will simply suggest that the term "jurisdictional" as applied to the filing of claims against estates is a judicial construction not explicitly stated in the governing statutes, that *Myers* is based on a view of probate which is inconsistent with the unification of the circuit courts, and that it is particularly inappropriate when coupled with independent administration. As the trial judge pointed out, the personal representative well knew that there was a claim against her administration. The problem could be corrected by a simple holding that, when a personal representative moves for a substitution in a pending case, the representative should be obliged to abide the judgment. The holding could be placed simply on an implied assumption of liability, and it is not necessary to enter into a meticulous analysis based on the use of such words as "estoppel" in other contexts.

The *Myers* decision deprived the state of the opportunity for restitution of a commissioners' award in compensation found by a jury to be grossly excessive. 785 S.W.2d at 75. The decision in this case seems to have foreclosed an inquiry into possibly serious irregularities. No person having a protectable interest, by contrast, would be prejudiced if the personal representative were simply held to be bound by the result of a lawsuit she asked to enter. No other person would be legitimately prejudiced. Questions of public importance should not be foreclosed simply because somebody has not touched all the bases, unless prejudice is demonstrated.

I hope the Supreme Court will grant transfer in this case in order to re-examine *Myers*.

With these observations, I concur in the opinion and in the judgment of affirmance.