### In re ESTATE OF William A. WILKINSON, Deceased.

### Norman THIBODEAU, Plaintiff/Appellant,

v.

### ESTATE OF William A. WILKINSON, Deceased, Defendant/Respondent.

### No. 61061.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 24, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 7, 1993.

Stuart Oelbaum, Christine A. Gilsinan, T. Jack Challis, St. Louis, Michael G. Beck, Clayton, for plaintiff/appellant.

Mary M. Stewart, Clayton, for defendant/respondent.

GRIMM, Judge.

Appellant Norman Thibodeau was injured in an automobile accident that resulted in the death of the other driver, William Wilkinson. Thibodeau sued Wilkinson's es-

tate, alleging decedent was negligent. However, he did not file his claim against decedent's probate estate for more than one year after the first publication of notice of letters testamentary granted.

The estate moved to dismiss, alleging the claim was time barred. Following oral argument, the trial court sustained the motion.

On appeal, Thibodeau argues that the limitations statute the estate relied on has been declared unconstitutional. As a result, he claims he is entitled to actual notice of the time bar date. He alleges the trial court erred in finding that he "had actual notice of the estate where no evidentiary hearing was held and no evidence was presented that [he] had actual notice." We reverse and remand.

### I. Background

The record on appeal consists solely of a legal file. The pleadings disclose the following. On July 6, 1989, Thibodeau, a resident of Massachusetts, was injured in Franklin County, Missouri, when his vehicle collided with a car driven by decedent. Decedent, a Missouri resident, died that day as a result of the collision.

The Probate Division of the Franklin County Circuit Court issued Letters Testamentary to decedent's son on September 11, 1989. Notice of Letters Granted was first published on September 20, 1989.

Nothing in the probate code requires the court to mail a copy of the Notice of Letters Granted to creditors. The parties do not dispute that a Notice was not mailed or otherwise delivered to Thibodeau.

On November 13, 1989, Jerome Tibbs by his attorney filed a claim against decedent's estate. The petition attached to the claim alleged Tibbs was driving[1] a car on July 6, 1989, when it was hit by a car driven by decedent. Although nothing before us reflects the petition was filed, the petition is captioned, "In the Circuit Court of St. Louis County." Decedent's estate is named as the sole defendant; decedent's son is named as the person to serve.

---

1. Respondent estate's Statement of Facts says Tibbs was a passenger in Thibodeau's vehicle.

On January 25, 1990, Larry and Sandra Williams by their attorney filed a claim against decedent's estate. The petition attached to the claim alleged Larry was a passenger in decedent's car when it collided with Thibodeau's vehicle. The petition is captioned, "In the Circuit Court of Franklin County." Named defendants include Thibodeau and decedent's son as personal representative of decedent's estate.

The Williams' petition alleged decedent's son "is the duly appointed personal representative" of decedent's estate. It further alleged that the "estate is pending in the Probate Court of Franklin County, MO." As with Tibbs' petition, nothing before us indicates the petition was filed. Nor does the legal file reflect service was obtained on Thibodeau.

On May 29, 1990, Thibodeau filed a *pro se* petition against decedent's estate in St. Louis County circuit court. Decedent's son was named as the person to serve. The petition alleged a collision occurred between Thibodeau's automobile and decedent's. Nothing in the legal file reflects decedent's son was served with this petition.

One year later, on May 29, 1991, Thibodeau by his attorney filed his claim against the estate. Attached to the claim was a copy of his 1990 *pro se* petition.

On July 26, 1991, respondent estate filed its motion to dismiss. The motion alleged the claim "is time barred by the applicable Statute of Limitations contained in the Probate Code." The motion was argued and sustained following receipt of memoranda of law.

The probate court's order contained the following findings: (1) Thibodeau knew of decedent's death as shown by his May 29, 1990 *pro se* petition; (2) the petition shows Thibodeau had knowledge that there was a pending estate because the estate is the named defendant and service was to be sought against decedent's son, the personal representative; (3) the claim was not filed in the probate division until May 29, 1991; (4) § 473.367 together with § 473.360.2 re-

quire notice within 6 months following the date of first publication; (5) Thibodeau "had actual knowledge and therefore the unconstitutionality of the notice requirement and due process ... does not become involved."

## II. Applicability of § 473.360 [2]

In his first point, Thibodeau alleges the trial court erroneously held his claim was time barred by § 473.360, because two decisions have effectively rendered § 473.360 unconstitutional. He refers to *Tulsa Professional Collection Servs., Inc. v. Pope*, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988) and *Missouri Highway & Transp. Comm'n v. Myers*, 785 S.W.2d 70 (Mo. banc 1990). He contends these decisions entitle him, as a reasonably ascertainable creditor of the estate, to actual notice of the opening of the estate and the claim bar date. He further contends that no evidence before the trial court showed he had actual knowledge.

Section 473.360 operates to bar claims against the estate, personal representative, heirs, devisees and legatees of a decedent. With exceptions not applicable here, it provides that a claim is barred against those parties if the claim is not "filed in the probate division ... within six months after the first published notice of letters testamentary or of administration." Any action commenced after the death of the decedent is considered a claim duly filed against the estate from the time of service on the personal representative, and it, too, must be filed in the probate division within the same six-month time limitation. *See* 473.367.

Here, the first published notice of letters was on September 20, 1989. Thibodeau filed his claim in probate court on May 29, 1991, twenty months after the first publication.

In *Pope*, the Supreme Court considered an Oklahoma nonclaim probate statute similar to § 473.360. The Oklahoma statute barred claims, arising upon a contract, of resident creditors of an estate where the claims had not been presented to the execu-

2. All statutory references are to RSMo 1986, unless otherwise specified.

tor within two months of the publication of notice advising the commencement of probate proceedings. *Pope*, 485 U.S. at 480–81, 108 S.Ct. at 1342, 99 L.Ed.2d at 572–73.

The Court found that (1) an intangible interest, such as a cause of action for an unpaid bill, is property protected by the Fourteenth Amendment, *Id.* at 485, 108 S.Ct. at 1345, 99 L.Ed.2d at 575, and (2) the nonclaim statute at issue may adversely affect a protected property interest. *Id.* at 488, 108 S.Ct. at 1346, 99 L.Ed.2d at 577.

The Court then considered whether notice by publication would satisfy due process. It found that where a creditor's identity is "known or 'reasonably ascertainable,' then termination of [the creditor's] claim without actual notice violated due process." *Id.* at 491, 108 S.Ct. at 1348, 99 L.Ed.2d at 579. Thus, the Court required that where one's "identity as a creditor was known or 'reasonably ascertainable,' then the Due Process Clause requires that [the claimant] be given '[n]otice by mail or other means as certain to ensure actual notice.' " *Id.* (quoting *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 800, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180, 188 (1983)).

The case before us is similar to *Pope*. Thibodeau's interest in the negligence claim against the estate is a property interest protected by the Fourteenth Amendment. *Id.* at 485, 108 S.Ct. at 1345, 99 L.Ed.2d at 575; *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429, 102 S.Ct. 1148, 1154, 71 L.Ed.2d 265, 273 (1982).

Similarly, Thibodeau's property interest was adversely affected by the running of the limitations period. Although Thibodeau's common law negligence cause of action is not extinguished by the statute, his inability to participate in decedent's estate diminishes the potential recovery on his cause of action.[3] The *Pope* Court indicates that a diminution in value of a proper-

ty interest is sufficient to implicate due process protection. *Pope*, 485 U.S. at 488, 108 S.Ct. at 1346, 99 L.Ed.2d at 577 (citing *Mennonite*, 462 U.S. at 798, 103 S.Ct. at 2711, 77 L.Ed.2d at 187).

In addition, § 473.360 shares significant similarities with the Oklahoma statute considered in *Pope*. First, the limitations period of § 473.360 is activated by the probate division clerk causing publication of the notice to creditors. § 473.033. Proof of compliance with this requirement must be filed with the court. *Id.* Thus, the running of the nonclaim period involves state action and is subject to the requirements of the due process clause of the Fourteenth Amendment.

Second, § 473.360 provides simply for notice by publication to creditors. The sufficiency of this statutory notice provision under due process clause standards is clearly in question after *Pope*.

Respondent estate contends that our supreme court recently upheld the constitutionality of § 473.360 in *Myers*, a decision that post-dates *Pope*. On the other hand, Thibodeau contends *Myers* renders § 473.-360 unconstitutional.

In *Myers*, our supreme court recognized that *Estate of Busch v. Ferrell–Duncan Clinic, Inc.*, 700 S.W.2d 86 (Mo. banc 1985), was its last pronouncement on the notice requirements of Missouri's nonclaim statute. *Myers*, 785 S.W.2d at 74. In *Busch*, the supreme court held § 473.360 was constitutional. *Busch*, 700 S.W.2d at 89. Although *Myers* did not specifically overrule *Busch*, *Myers* acknowledged that *Pope* "effectively [vitiates][4] *Busch.*" *Myers*, 785 S.W.2d at 74.

The specific holding in *Myers* was narrow. The court wrote, "[W]e read nothing in *Pope* that invalidates Missouri's nonclaim statute *in the circumstances here.*" *Id.* (emphasis added). The significant cir-

---

3. Respondent contends that decedent has sufficient insurance available to satisfy Thibodeau's claim. Such a claim could be pursued against a defendant ad litem pursuant to § 537.021. However, in respondent's memorandum in support of motion to dismiss, respondent states decedent has liability insurance remaining in the amount of approximately $275,000. Thibo-

deau claims damages in the amount of $1,000,-000.

4. "[T]o make faulty or defective often by the addition of something that impairs; to make ineffective or weak." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY, 1319 (1991).

cumstance in *Myers* was the fact that the creditor had actual notice of the proceedings. *Id.* at 75. "The [*Pope*] Court did not declare a deprivation of due process as to creditors who have actual notice but fail to meet the statutes' time requirements." *Id.* at 74. In the present case, the trial court similarly avoided the constitutional issue by finding that Thibodeau had actual notice of decedent's death and of the "pending estate."

■ The trial court concluded Thibodeau "knew" of decedent's death because he filed a *pro se* petition on May 29, 1990. However, the six month claim bar date expired in March before his petition was filed. Because the record before us contains neither a transcript of testimony nor affidavits indicating when Thibodeau knew of decedent's death, and in the absence of a notice being sent to him, we are unable to conclude that Thibodeau knew of decedent's death within the six-month time frame.

The trial court also found that the *pro se* petition established "at least constructive knowledge of the pending estate." We agree. However, nothing in that petition establishes constructive or actual knowledge that the estate was pending in Franklin County or any other identifiable county, or the number assigned to the estate.

Respondent estate finds evidence of Thibodeau's actual knowledge in the fact that the Williams filed suit and named Thibodeau as a defendant. We disagree. As we observed earlier, nothing in the record before us shows that Thibodeau was ever served with the petition.

Respondent estate also contends that Thibodeau had actual notice due to the fact that Tibbs (possibly a passenger in Thibodeau's vehicle) filed a claim in November, 1989. The claim was signed by Tibbs' attorney, Michael Beck, who also signed Thibodeau's 1991 claim. However, nothing in the record establishes that Tibbs gave Thibodeau any information, much less sufficient information, to establish actual

knowledge. Further, Thibodeau's 1990 petition was filed *pro se* and nothing in the record before us reflects any connection between Beck and Thibodeau before 1991.

In contrast, in *Myers* our supreme court found that the creditor had actual notice because it knew "(1) it was a claimed creditor of [the decedent], (2) that [the decedent] had died, (3) that [the decedent's] estate had been opened and the court in which this occurred, (4) the number assigned to the estate, and (5) the name and identity of the executor five months before expiration of the claim period." *Myers*, 785 S.W.2d at 75.

The *Myers* court determined that it was irrelevant that the creditor did not know the claim bar date. *Id.* However, the court's decision as to notice of the claim bar date was specifically linked to two circumstances: the creditor's "continual involvement in legal proceedings [with the decedent while she was alive] and its ready reliance on ever available in-house and special counsel." *Id.* Thus, the *Myers* court's reasoning that notice of the claim bar date was unnecessary does not apply here.[5] Here, the trial court's order is not supported by the evidence. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

## III. Retroactive Application of § 473.444

■ Respondent estate contends that regardless of the constitutional validity of § 473.360, Thibodeau's claim is barred. The estate relies on a new statute, § 473.-444, RSMo Cum.Supp.1991, which became effective July 13, 1989. This statute bars all claims against an estate "one year following the date of the decedent's death." *Id.* By its terms, the statute applies "whether or not" administration of the estate commences and "whether or not" any notice is given of the decedent's death. *Id.*

Here, decedent died on July 6, 1989. If § 473.444 is applicable, Thibodeau's claim was barred in July, 1990. Thibodeau filed his circuit court petition on May 29, 1990,

---

**5.** Neither *Pope* nor *Myers* clearly indicates whether notice of the claim bar date is required

in these circumstances.

but did not file notice in the probate division until May 29, 1991. As a result, his claim would be barred under this statute. The controlling question, then, is whether § 473.444 should be given retroactive application. We hold it should not.

■ The general rule is that statutes are not applied retroactively. *Robinson v. Heath*, 633 S.W.2d 203, 205 (Mo.App.S.D. 1982). Two exceptions qualify the general rule, permitting retroactive application: (1) where the legislature shows an intent that it be retroactive, and (2) where the statute is procedural only and does not affect any substantive rights of the parties. *Id.* Neither is applicable here.

Merely "to label certain consequences as substantive and others as procedural [is insufficient, as] notions of justice and fair play in a particular case are always germane." *State ex rel. St. Louis–San Francisco Ry. Co. v. Buder*, 515 S.W.2d 409, 410 (Mo. banc 1974). A repugnance exists to the retroactive application of laws to an act to which certain legal effects were ascribed at the time it occurred. That act, without cogent reasons, should not "thereafter be subject to a different set of effects which alter the rights and liabilities of the parties thereto." *Id.*

Respondent has not shown any cogent reasons to invoke a different set of effects, which would alter Thibodeau's rights by barring his claim against respondent. Under the circumstances of this case, § 473.-444 does not apply retroactively to bar Thibodeau's claim.

The trial court's judgment is reversed and the cause is remanded.

CRANDALL, P.J., and PUDLOWSKI, J., concur.