Jerry FELDMAN, Respondent/Employee,

v.

STERLING PROPERTIES,
Appellant/Employer,

and

Fireman's Fund Ins. Co.,
Appellant/Insurer,

and

Treasurer of Missouri as Custodian of
Second Injury Fund, Respondent.

No. 67782.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 21, 1995.

Robert W. Frayne, Kleinschmidt, Przybeck & Frayne, St. Louis, for appellant.

Roger L. Ponder, House Springs, for respondent Feldman.

Jeremiah W. (Jay) Nixon, Atty. Gen., Maria W. Campbell, Asst. Atty. Gen., Jefferson City, for respondent Second Injury Fund.

KAROHL, Judge.

Sterling Properties and its insurer, Fireman's Fund (Employer), appeal from a decision of the Labor and Industrial Relations Commission (Commission) affirming a permanent and total disability award for employee and against employer. The Commission found a work-related accident was the sole cause of his permanent and total disability. The Commission denied Feldman's claim against the Second Injury Fund. We reverse and remand.

On May 12, 1988, while building a deck for his employer, Jerry Feldman tripped while carrying lumber. He injured his knee and lower back. At the worker's compensation hearing on September 22, 1993, Feldman tes-

tified he injured his knee and back in the accident. He further testified that prior to the injury he suffered from a disease, Reiter's Syndrome; his toenails were falling off; he had sores in his hair; fatigue; loss of memory; stuttering. The Administrative Law Judge (ALJ) found Feldman's work-related injury was the sole cause of permanent and total disability. The ALJ denied Feldman's claim against the Second Injury Fund. The Commission affirmed the decision, one member dissenting.

Employer raises three points on appeal. The first two contend Feldman did not prove the 1988 accident was the sole cause of permanent and total disability. The third is based on an argument the Commission misinterpreted and misapplied prior "industrial disability," in excusing the Second Injury Fund from liability. Each point has merit.

Respondent, Treasurer of the State of Missouri, Custodian of Second Injury Fund, agrees the Commission's finding of permanent and total disability resulting solely from the May, 1988, accident is not supported by competent and substantial evidence and must be reversed.

Feldman agrees with Employer's third point, the Commission misapplied "industrial disability" to determine no liability of the Second Injury Fund.

In the first two points, Employer argues the Commission erred in finding Feldman's accident to be the sole cause of his permanent and total disability. It summarizes the testimony of both Feldman's experts, James England, a rehabilitation counselor, and Dr. Raymond Cohen, as agreeing Feldman's permanent and total disability was the product of an existing disease, Reiter's Syndrome, combined with injuries due to the May, 1988, accident.

Appeals from awards made by the Commission are governed by § 287.495 RSMo1994, which follows in pertinent part:

Upon appeal no additional evidence shall be heard and, in the absence of fraud, the findings of fact made by the commission within its powers shall be conclusive and binding.

The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

\*     \*     \*     \*     \*     \*

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

■ The court set out the standard of review of an award made by the commission where the issue is a question of law in *Davis v. Research Medical Center,* 903 S.W.2d 557, 560 (Mo.App.W.D.1995).

[A]wards of the commission 'which are clearly the interpretation or application of the law, as distinguished from a determination of facts, are not binding upon us and fall within our province of review and correction. And where the finding of ultimate fact is reached by the application of rules of law instead of by a process of natural reasoning from the facts alone, it is a conclusion of law and subject to our reversal.' *Merriman v. Ben Gutman Truck Serv., Inc.,* 392 S.W.2d 292, 296 (Mo.1965) (citations omitted) (*quoting Williams v. Anderson Air Activities,* 319 S.W.2d 61, 65 (Mo.App.1958)).

■ At the hearing, Feldman testified the sores on his body appeared about one and one half years prior to the May, 1988, accident, but he did not know the cause. James England, rehabilitation counselor, testified for Feldman as follows:

The problem areas that I saw from review of the medical and from talking with him were a combination of depression, some problems with alcohol, the Reiter's syndrome, the problems that he was having with his back and knee. It's really a *combination of* a lot of different disabilities or impairments.

I think that *together* those disabilities, in my opinion, would prevent him from being

able to sustain any type of employment in the open labor market.

Upon cross-examination England testified:

Q. ... Is it still your opinion—I'm reading from your report, ... it says quote: "Unfortunately *because of a combination* of pre-existing problems and his back and leg injury in '88, he appears to be totally disabled." Would you still agree with that?

A. Yes.

Upon redirect England testified:

Q. Mr. England, ... just to make this clear. Without the Reiter's syndrome in your opinion Mr. Feldman could work in the open labor market; is that right?

A. I think so.

Q. With the Reiter's syndrome, *combined with*—what you consider to be pre-existing Reiter's syndrome combined with the injuries sustained on May 12, 1988, he is unable to compete in the open labor market; is that correct?

A. Correct. (Our emphasis).

Lisa Feldman testified her husband suffered from sores on his back, seizures, painful knees, watery eyes, and a discharge which caused him to miss some time from work prior to the accident in May, 1988. She reported Feldman's severe memory loss began before the accident and has become worse.

Dr. Raymond Cohen testified by deposition, as follows:

Q. .... Now Doctor Cohen, you found Mr. Feldman to have a 20 percent permanent partial disability to the low back, correct?

A. Yes.

Q. In [sic] an additional 25 percent of the right knee?

A. Yes.

Q. And an additional 80 percent for the Reiter's Syndrome?

A. Yes.

\* \* \* \* \* \*

Q. ... You stated that you don't believe the ... alleged trauma of May 12th '88 is causally related to his Reiter's, correct?

A. That's correct.

Q. Can you tell me how they combine?

A. Well, primarily because of the severe knee condition, and then with the condition in the feet, although he has many skin lesions, but in the feet that they *combine* to rendered [sic] a greater overall disability because of the feet, and the right knee.

Q. Well then, am I correct in assuming that—that in answer to my question you are assuming that he did indeed suffer some trauma to his knee on May 12th, '88?

A. Yes. (Our emphasis).

Employer offered depositions of Dr. Stillings and Dr. Wayne. In his deposition Dr. Stillings, a physician and psychiatrist, stated Feldman's alcoholism and possible depression pre-existed his injury, and he sustained no psychiatric disability resulting from his accident. Dr. Wayne opined Reiter's syndrome pre-existed Feldman's accident.

Thus, there was no evidence to support a finding the 1988 accident was the sole cause of total disability. The record does not contain sufficient competent and substantial evidence to support the award. It is reversed. *Davis v. Research Medical Center,* 903 S.W.2d 557, 560 (Mo.App.W.D.1995).

■ In its third point, Employer argues the Commission used an incorrect standard in determining whether Feldman had pre-existing industrial disabilities. Feldman contends he proved a pre-existing condition and the Second Injury Fund is liable. In regard to the Second Injury Fund, the ALJ relied on § 287.220.1 RSMo Supp.1992 and on *Reiner v. Treasurer of Missouri,* 837 S.W.2d 363, 366 (Mo.App.E.D.1992). The ALJ held a claimant must prove a pre-existing disability which impaired claimant's ability to work or his earning capacity rather than a simple physical impairment. The ALJ's decision was issued December 2, 1993. The Commission's award was made before we decided *Leutzinger v. Treasurer,* 895 S.W.2d 591, 594 (Mo.App.E.D.1995). We there held:

The ALJ made her award denying compensation on September 16, 1993, and the Commission affirmed this award and incorporated it by reference on March 23, 1994.

The legislature amended the statute on June 21, 1993. Statutory amendments to remedial statutory provisions such as the one involved here, should be applied retroactively to pending cases. *Vaughan v. Taft Broadcasting Co.*, 708 S.W.2d 656, 659–61 (Mo. banc 1986). The ALJ should have applied the new standards as set forth by the legislature on June 21, 1993, instead of the old "industrial disability" standard created by the courts. The ALJ specifically referenced the term "industrial disability," and case law interpreting that standard, in her rulings. To the extent that the Commission relied on this "industrial disability" standard instead of the new standards set forth by the legislature this was an error in the application of law. We reverse and remand for a determination of whether claimant's previous injuries were serious enough to trigger § 287.220.1 RSMo [Cum] Supp.1993.

The ALJ and the Commission erred in not applying the provisions of § 287.220.1 RSMo Cum.Supp.1993.

We reverse and remand to permit the Commission to enter an appropriate permanent partial award against employer and to reconsider Feldman's claim against the second injury fund.

REINHARD, P.J., and RONNIE L. WHITE, Special Judge, concur.