**Robert HOLDEN, Treasurer of the State of Missouri, Plaintiff/Respondent,**

v.

**ANTOM, INC., d/b/a Augusti's, Defendant/Appellant.**

**No. 69908.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 15, 1996.

Edward J. Hanlon, Borgmann, Hanlon, Schwartz & Wilson, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Allison N. Bartle, Asst. Atty. Gen., St. Louis, for respondent.

AHRENS, Chief Judge.

Defendant, Antom, Inc., appeals from the judgment of the Circuit Court of the City of St. Louis which granted summary judgment in favor of plaintiff, Robert Holden, Treasurer of the State of Missouri as Custodian for the Second Injury Fund (hereinafter "Treasurer"), based on Treasurer's petition to recover monies paid by The Second Injury Fund on behalf of an uninsured employer. Pursuant to § 287.280, RSMo1987, Treasurer was awarded $19,494.04 plus interest and a fine of one hundred dollars per day of noncompliance with the statute. We affirm.

Summary judgment is appropriate where the moving party has demonstrated, on the basis of facts to which there is no genuine dispute, a right to judgment as a matter of law. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 378 (Mo. banc 1993). The facts of this case are not in dispute; therefore, summary judgment is appropriate unless the trial court erred by misapplying the law. We find that it did not.

On June 30, 1990, one of Antom's employees was injured during the course and scope of his employment. On February 4, 1992, the employee filed a claim for benefits under Chapter 287 of the Missouri Workers' Compensation Law. Antom did not carry workers' compensation insurance as required by law, nor did it pay the employee's medical expenses.

On December 15, 1992, the Division of Workers' Compensation awarded the employee $19,494.04 to be paid by The Second Injury Fund. Antom did not appeal from this decision. On March 3, 1993, Treasurer filed a Petition in Subrogation for Collection of Funds Expended on Behalf of Uninsured Employer. Treasurer asked for judgment against Antom in the amount of $19,494.04 plus a fine of $100.00 per day, for each day of noncompliance with § 287.220, to a maximum of $5000.00.

The circuit court granted Treasurer's motion for summary judgment on December 11, 1995 and ordered Antom to pay $19,494.04, together with interest in the amount of $5,255.16, and a fine of $5,000.00. The court based its holding on Sec. 287.220, RSMo1987, the statute which was in effect on the date that defendant's employee was injured.

At the time of the employee's accident § 287.220 read in part:

> The office of the attorney general of the state of Missouri shall bring suit in the circuit court of the county in which the accident occurred against any employer not covered by this chapter as required in section 287.280. Penalty under this subsection shall be the amount withdrawn from the second injury fund for the employer's employee or his or her dependents, plus a fine of one hundred dollars per day, for each day of noncompliance, from the date of injury, up to a maximum of five thousand dollars; and any amount so collected shall go to the second injury fund.

This section of the statute was amended in August of 1992 to provide:

> The office of the attorney general of the state of Missouri shall bring suit in the circuit court of the county in which the accident occurred against any employer not covered by this chapter as required in section 287.280. Penalty under this subsection shall be an amount equal to the annual premium the employer would have paid had he been insured or twenty-five thousand dollars whichever amount is greater; and any amount so collected shall go the second injury fund.

The statute was amended again on August 28, 1993 to read:

The office of the attorney general of the state of Missouri shall bring suit in the circuit court of the county in which the accident occurred against any employer not covered by this chapter as required in section 287.280.

Additionally, § 287.128, RSMo1993, was amended in conjunction with § 287.220 as follows:

Any employer failing to insure his liability pursuant to this chapter shall be guilty of a class A misdemeanor and, in addition, shall be liable to the state of Missouri for a penalty in an amount equal to twice the annual premium the employer would have paid had such employer been insured or twenty-five thousand dollars, whichever amount is greater.

■ In the only point on appeal, Antom argues that it was error for the trial court to apply the 1987 version of § 287.220, the statute in effect at the time of the employee's injury, because the statute was repealed and replaced before any action was filed against Antom. We disagree.

While Antom argues that the 1987 version of the statute should not apply, it does not specify which version should apply. We believe that, for the reasons set out herein, neither amended version should be applied to this case.

■ The 1993 version of § 287.220, which was in effect when the circuit court's summary judgment order was entered, can not be applied because that statute is to be read in conjunction with § 287.128 which imposes a new criminal sanction for the offense. Article I, Section 13, of the Missouri Constitution, prohibits the enactment of ex post facto laws. *State ex rel. St. Louis–San Francisco Railway Co. v. Buder*, 515 S.W.2d 409, 409 (Mo. banc 1974). An ex post facto law is one which denounces as criminal, acts which were non-criminal when committed, or which changes penalties for criminal violations after such violations are committed. *Lincoln Credit Co. v. Peach*, 636 S.W.2d 31, 35 (Mo. banc 1982). Retroactive operation of § 287.220, RSMo1993 in conjunction with § 287.128, RSMo1993 would constitute an ex post facto law because it would make the

employer's failure to provide insurance criminal, whereas it was not criminal when the offense was committed.

We also conclude that the 1992 version of § 287.220 should not apply under these circumstances. Antom argues that there was not a determination that the employee's injury was compensable until the Division of Worker's Compensation rendered its decision on December 15, 1992, after the date of the 1992 amendment. Thus, according to Antom, there was no cause of action until 1992.

While a dollar amount was not attributable to the accident until the Division's decision, the employee's compensation, paid by the Second Injury Fund, related back to the 1989 accident. Furthermore, the fact that Antom did not have workers' compensation insurance at the time of the 1989 accident was the relevant factor in attaching liability. Therefore, this cause of action relates back to the 1989 accident regardless of the fact that a dollar amount was not awarded until after the 1992 amendment. The 1987 statute should, therefore, be applied unless the 1992 amendment can be applied retroactively.

Statutes are generally presumed to operate prospectively unless the legislature clearly expresses its intent that they be given retroactive application in the express language of the act or by necessary or unavoidable implication. Mo. CONST.ART. I, § 13; *Great Southern Sav. and Loan Ass'n v. Payne*, 771 S.W.2d 940, 943 (Mo.App.1989). We find no clear indication in the wording of the statute that the legislature intended the statute to apply retrospectively.

■ However, a statute may be applied retroactively if the statute is merely procedural or remedial, rather than substantive, in its operation. *Stillwell v. Universal Constr. Co.*, 922 S.W.2d 448, 455 (Mo.App.1996). However, the statutes at issue provide for a "penalty" in the case of noncompliance. Laws which provide for penalties and forfeitures in case of noncompliance are always given only prospective application. *State ex rel. Carlund Corp. v. Mauer*, 850 S.W.2d 357, 361 (Mo.App.1993).

The trial court did not err in applying § 287.220, RSMo1987. Point denied.

CRANDALL, J., and BLACKMAR, Senior Judge, concur.