In the ESTATE OF Everett
James BOHANNON.

No. 79538.

Supreme Court of Missouri,
En Banc.

April 29, 1997.

Anthony L. Anderson, Clayton, for Appellant.

Albert G. Tindall, Potosi, Shawn R. McCarver, Farmington, for Respondent.

PER CURIAM.[1]

Appellants, Roger Bradley and Maridell Bradley ("claimants"), appeal the judgment

---

1. The appeal in this case was originally decided   by the Court of Appeals, Eastern District, in an

of the Washington County Circuit Court denying their motion to open the estate of Everett James Bohannon ("decedent") and allow the filing of a claim instanter. At issue is the validity of the notice-by-publication provision of § 473.097, RSMo,[2] the statute governing administration of estates having a value not exceeding $40,000. Section 473.097.5 states in pertinent part:

> When the value of the property listed in the affidavit is more than fifteen thousand dollars, the clerk shall cause to be published in a newspaper of general circulation within the county which qualifies under chapter 493, RSMo, a notice to creditors of the decedent to file their claims in the court or be forever barred. The notice shall be published once a week for two consecutive weeks. Proof of publication of notice pursuant to this section shall be filed not later than ten days after completion of the publication.

This Court has jurisdiction. Mo. Const. art. V, § 3. Reversed and remanded.

On September 8, 1994, claimants and decedent were involved in an automobile accident. Claimants were injured; decedent was killed. Decedent left a last will and testament naming his wife, Leona Alvernia Bohannon ("wife"), as personal representative of his estate. The will devised various items in the estate to decedent's son and distributed the remainder to wife.

On December 19, 1994, wife filed the following documents in the trial court: an "Affidavit as to Death and Application for Probate of Will," an "Affidavit to Establish Title of Distributees of Decedent Where Total Estate is Less Than $40,000," and a "Notice to Creditors." The notice to creditors stated in pertinent part:

> On the 19th day of December, 1994, a small estate affidavit was filed by the distributees for the decedent under section 473.097, RSMo, with the probate division

of the circuit court of Washington County, Missouri.

> All creditors of the decedent are notified to file claims in one month from the date of first publication of this notice or be forever barred. A creditor may request that this estate be opened for administration.

The date of first publication was given as December 29, 1994.

On December 20, 1994, the clerk of the trial court entered a "Certificate and Order of Probate," certifying that decedent's will was admitted to probate. On January 30, 1995, the clerk entered a "Certificate of Clerk" stating that wife was entitled to the property set out in decedent's will. On February 9, 1995, an "Affidavit of Publisher" was filed with the trial court, stating that the above notice to creditors had been published in the *Independent Journal* (a weekly newspaper circulated in Washington County) for four consecutive weeks, with the first publication of notice on December 29, 1994, and the last on January 19, 1995.

On August 28, 1995, claimants filed a "Motion to Set Aside Clerk's Certificate under § 473.097, R.S.MO., to Require Opening of an Estate and to Allow Filing of Claim Instanter." In this motion, claimants alleged: they received no notice of the December 19, 1994, filing of decedent's will with the trial court; without actual notice, the provisions of § 473.097 barring claims were constitutionally invalid; and, the proof of publication of notice was not filed within ten days of completion of publication as required by § 473.097.5.

A hearing on claimants' motion was held on September 6, 1995. The hearing consisted primarily of arguments from counsel. Claimants argued that the personal representative for decedent's estate—wife—bore the responsibility for giving all "reasonably ascertainable" creditors of the estate actual notice that the will had been filed with the trial court and that the notice by publication required under § 473.097 was not sufficient. Claimants cited two cases for these propositions: *Tulsa Professional Collection Services*

---

opinion written by the Honorable Gary M. Gaertner. Following transfer to this Court because of the challenge to the validity of a statute, the court of appeals opinion, as modified, is adopted as the opinion of this Court.

**2.** All statutory references are to RSMo 1994 unless otherwise indicated.

*v. Pope*, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988), and *In re Estate of Wilkinson*, 843 S.W.2d 377 (Mo.App. E.D.1992). Counsel for claimants told the court: "And although ... I don't think it's necessary for the Court ... to declare the statute unconstitutional in order to allow us to file our claim under these circumstances, ... we would challenge the constitutionality of a 30-day time limit on the basis of publication on—on constitutional grounds, on due process grounds." The estate, for its part, pointed out that the two above cases—*Pope* and *Wilkinson*—were decided prior to the 1993 amendment to § 473.097, which was when the legislature added the notice-by-publication provision. The estate argued this statute was intended to provide a more efficient, streamlined probate procedure for small estates. The estate further contended claimants sat on their rights by not filing anything until August 28, 1995, nearly eight months after the last publication of notice.

On September 14, 1995, the trial court issued an order denying claimants' motion. The order included the following rulings: The notice-by-publication provision of § 473.097 was constitutional and actual notice to claimants was not required, as the cases cited by claimants as support for their argument were decided prior to the 1993 amendment of § 473.097. Further, the notice-by-publication requirement of § 473.097 was met in this case. While the affidavit of publisher was filed more than ten days after the date of the last publication of the notice to creditors, "[t]his did not affect the notice by publication because the notice was actually effectuated as required by § 473.097."

On October 20, 1995, the trial court entered a docket entry amending the order by delineating it "Amended Judgment and Order"[3] and denying the remainder of claimants' motion for rehearing or, in the alternative, to amend the order.

Claimants raise two points on appeal. Claimants contend the trial court erred in giving effect to the estate's notice to creditors, as the estate did not comply with the statutory requirement that proof of publication of notice be filed not later than ten days following completion of publication.

The tardiness of the proof of publication was the only discrepancy between what § 473.097.5 required and what was done by the estate in this case. There is no dispute that the notice to creditors was published. The estate published the notice for four consecutive weeks; the statute only required two. In light of the length of time it took for claimants to press their claim—eight months after the last publication of notice to creditors—it is not apparent how claimants were prejudiced by the late filing of the notice of publication. The estate correctly notes that it would be unjust "to penalize an estate which has performed its obligations under the small estate procedure by filing the affidavit solely because the clerk of the court fails, in a timely manner only, to file a publisher's affidavit." This point is denied.

We now turn to claimants' other point, the heart of this appeal. Claimants contend the trial court erred in denying their motion to open decedent's estate and allow the filing of a claim instanter. They argue that the court failed to make a determination as to whether the personal representative of the estate (wife) either knew of claimants' identity or could have discovered claimants' identity in the exercise of due diligence. If wife knew or could have discovered claimants' identity and failed to give them notice, claimants allege they were denied due process.

Claimants argue in their brief:

... The position taken by the claimants at the hearing was that due process required personal notice if their identities could have been discovered by the personal representative through due diligence or if she was otherwise aware of them and their claim. Accordingly, the claimants sought an application of § 473.097 consistent with due process, not a declaration that § 473.097 was unconstitutional. The fact that due process may require an inquiry not mandated in § 473.097 does not render the statute invalid under any or all circumstances. It is the trial court's violation of due process that is in issue here, not the action of the legislature....

Claimants are arguing that the notice-by-publication requirement of § 473.097.5 does

---

**3.** *See* Rule 74.01(a).

not meet the requirements of due process. In other words, the statute, as written, does not provide constitutionally sufficient notice under *Pope* and its progeny. Contrary to claimants' assertion, this contention does require a determination of the constitutional validity of the notice-by-publication requirement of § 473.097.5.

Our next query is whether this question has been previously addressed by Missouri courts. We begin with the leading case of *Tulsa Professional Collection Services v. Pope*, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). *Pope* concerned a challenge, on due process grounds, to an Oklahoma probate statute that barred claims of creditors of an estate if such claims were not presented to the executor of the estate within two months of the publication of notice of the commencement of probate proceedings. *Id.* at 480–481, 108 S.Ct. at 1342–1343. The Court found due process applicable to the nonclaim statute because it involved "pervasive and substantial" state action. *Id.* at 487, 108 S.Ct. at 1346. This was so because the nonclaim statute was not a self-executing statute of limitations, but became operative only after probate proceedings were commenced in state court. *Id.* at 485–488, 108 S.Ct. at 1344–47.

The Court then considered whether notice by publication satisfied due process. In determining it did not, the Court held that where a statutory time bar requires the commencement of legal proceedings to begin running, "due process is directly implicated and actual notice generally is required." *Id.* at 487, 108 S.Ct. at 1346. While noting "the State undeniably has a legitimate interest in the expeditious resolution of probate proceedings[,]" the Court found that "[p]roviding actual notice to known or reasonably ascertainable creditors, ... is not inconsistent with the goals reflected in nonclaim statutes." *Id.* at 489, 108 S.Ct. at 1347. Executors need only make "'reasonably diligent'" efforts to uncover the identities of creditors; for any creditors not reasonably ascertainable, "publication notice can suffice." *Id.* at 490, 108 S.Ct. at 1347 (citation omitted). If a claimant's identity is known or is "'reasonably ascertainable,'" then termination of the claimant's claim without actual notice violates due process. *Id.* at 491, 108 S.Ct. at 1348.

In *Mo. Highway & Transp. Com'n v. Myers*, 785 S.W.2d 70, 74 (Mo. banc 1990), the claimant argued *Pope* rendered unconstitutional § 473.360, RSMo 1978, which barred claims against decedents' estates that are not filed within six months of the first publication of letters testamentary. 785 S.W.2d at 74. This Court rejected the argument, determining "nothing in *Pope* invalidates Missouri's nonclaim statute *in the circumstances here.*" 785 S.W.2d at 74 (emphasis added). The Court noted that while *Pope* effectively vitiated *Estate of Busch v. Ferrell–Duncan Clinic*, 700 S.W.2d 86, 89 (Mo. banc 1985)—in which it was held that publication notice to a creditor sufficed to meet due process—*Pope* was inapplicable to the facts before it: "The [United States Supreme] Court did not declare a deprivation of due process as to creditors who have actual notice but fail to meet the statutes' time requirements." 785 S.W.2d at 74. Because the claimant had received actual notice, the case was "within the range of *Pope*'s due process considerations." 785 S.W.2d at 75. The Court found the claimant had received actual notice because it knew: (1) it was a claimed creditor of the decedent, (2) decedent had died, (3) her estate had been opened and the court in which it was opened, (4) the number assigned to the estate, and (5) the name and identity of the executor five months before expiration of the claim period. *Id.*

Two years after *Myers*, the court of appeals decided *In re Estate of Wilkinson*, 843 S.W.2d 377 (Mo.App. E.D.1992). As in the immediate case, the claimant in *Wilkinson* was injured in an automobile accident that killed the decedent. *Id.* at 378. The claimant did not file his claim until twenty months after the first publication of notice of letters testamentary. *Id.* at 378–379. The trial court dismissed the claimant's claim on the ground he had actual notice of the probate proceedings. *Id.* at 379. On appeal, the claimant argued *Pope* and *Myers* effectively rendered the time bar provision of § 473.360 unconstitutional and also claimed there was no evidence he had received actual notice. 843 S.W.2d at 379. In reversing and remanding, the court of appeals noted that the sufficiency of § 473.360's notice-by-publication provision was "clearly in question after

*Pope* [,]" and further, "[a]lthough *Myers* did not specifically overrule *Busch,* *Myers* acknowledged that *Pope* 'effectively [vitiates] *Busch.*'" 843 S.W.2d at 380 (footnote omitted). The court of appeals held the specific holding of *Myers* supported the finding that the claimant had received actual notice, while the evidence in *Wilkinson* did not. *Id.* at 380–381.

The above cases all concerned § 473.360. In contrast, there are no previous decisions regarding the constitutionality of the notice-by-publication provision at issue here. Research has not uncovered any decision directly addressing § 473.097. However, the reasoning applied to the cases discussed above applies to the notice-by-publication provision at issue here. The requirement of publication notice set out in § 473.097.5 does not suffice to meet the requirements of due process. Therefore, the trial court's judgment should be reversed and cause remanded to determine whether claimants were entitled to actual notice; i.e., whether they were "reasonably ascertainable parties."

In so finding, we are cognizant of claimants' failure to take any action for over eleven months after decedent's death. However, because claimants filed their motion within one year, § 473.444—which bars all claims against an estate not filed within one year of the decedent's death—does not bar their claim.[4] The estate's contention that § 473.444 does not apply because "the small estate procedure itself contains its limitation period" has no merit. See *Hatfield v. McCluney,* 893 S.W.2d 822, 825–826 (Mo. banc 1995).

The estate also argues the cases cited above were all decided prior to the 1993 amendment to § 473.097, which added the notice-by-publication provision; therefore, the legislature, which was presumably aware of these decisions, meant to omit any requirement of actual notice from the statute. This argument also lacks merit. The fact the legislature amended § 473.097 subsequent to the above decisions does not mean those decisions were, or could have been, overridden.

Finally, the estate claims ruling in claimants' favor would render § 473.097 "useless" because "[t]here would be no advantage to filing a small estate procedure if one had to comply with the more complicated procedures in the long form proceedings." According to the estate, "the legislature intended in small estates that administration be dispensed with, that ownership of the property be quickly determined, all without excessive use of judges, hearings and legal entanglements." While these may be valid concerns, we note *Pope* recognized the state's "legitimate interest in the expeditious resolution of probate proceedings[,]" but found "[p]roviding actual notice to known or reasonably ascertainable creditors, ... is not inconsistent with" such interests. 485 U.S. at 489, 108 S.Ct. at 1347.

The judgment is reversed and the cause remanded.

All concur.

---

**4.** § 473.444 likewise did not apply in *Wilkinson,* but because the statute did not become effective until after the decedent's death and did not apply retroactively to the claimant. 843 S.W.2d at 381–382.