**Carol STARK, Appellant,**

v.

**MISSOURI STATE TREASURER, as Custodian Second Injury Fund, Respondent.**

**No. WD 53680.**

Missouri Court of Appeals,
Western District.

Oct. 28, 1997.

Elizabeth Diane Baker, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Amy L. Glaser, Asst. Atty. Gen., Kansas City, for Respondent.

Before SMART, P.J., and LOWENSTEIN and LAURA DENVIR STITH, JJ.

LOWENSTEIN, Judge.

This is a Second Injury Fund ("Fund") claim filed for wage loss benefits under § 287.220.9, RSMo 1994. This particular subsection was enacted in 1993 and became effective on August 28, 1993, and by its own language, was to expire on August 28, 1996. Paraphrased, this subsection provided that when a work related injury was suffered by an employee who had two employers, the first employer would pay medical and "wage loss benefits" applicable "only to the earnings" of that employer. The injured employee could file with the Fund for "any additional wage loss attributed to the loss of earnings from the second employment . . . ," but in any event, no recovery could exceed the rate allowed by law on the date of injury.[1]

On July 16, 1993, Carol Stark, the appellant, was injured in her car while working for The Greater Kansas City Foundation. That employer settled, with benefits including six weeks of temporary total disability. Stark was also employed by the Higginsville Habilitation Center, and had a compensation rate of $146.49 a week, for which she claimed six weeks at that rate was due her by the Second Injury Fund. She claimed the legal question presented to the Administrative Law Judge and the Commission was whether § 287.220.9 applied retroactively to Stark's injury which preceded the effective date of the legislation. The answer to the question was in favor of the respondent Second Injury Fund.

The appellant is correct in that, prior to this legislation, an employee injured on a part-time job received temporary total benefits at a rate based on part-time wages, and received no wage replacement on wages lost from a full-time job. She argues, however,

[1]. This subsection is quoted in its entirety:

Any employee who at the time a compensable work-related injury is sustained is employed by more than one employer, the employer for whom the employee was working when the injury was sustained shall be responsible for wage loss benefits applicable only to the earnings in that employer's employment and the injured employee shall be entitled to file a claim against the second injury fund for any additional wage loss benefits attributed to loss of earnings from the employment or employments where the injury did not occur, up to the maximum weekly benefit less those benefits paid by the employer in whose employment the employee sustained the injury. The employee shall be entitled to a total benefit based on the total average weekly wage of such employee computed according to subsection 8 of section 287.250. The employee shall not be entitled to a greater rate of compensation than allowed by law on the date of the injury. The employer for whom the employee was working where the injury was sustained shall be responsible for all medical costs incurred with regard to that injury. The provisions of this subsection shall expire on August 28, 1996.

since this legislation calls for wage replacement from the Second Injury Fund, which is funded by a 2% tax on employers and their insurers, and since this wage loss legislation is the same as temporary total benefits historically payable by employers and insurers, that this shows an intent for employers and insurers to bear the burden of the loss, so the Fund should pay. Her other argument is that this legislation is procedural and not substantive, so it should be given retrospective effect. The Labor and Industrial Commission denied Stark's claim because the injury predated the effective date of the statute.

Review here is confined to a question of law under § 287.495, *Feldman v. Sterling Properties,* 910 S.W.2d 808, 809 (Mo.App. 1995). Both arguments fail.

■ First, both sides agree there was no recovery for wage loss benefits for a second job prior to the effective date of this subsection. The clear language of the statute refers to recovering "wage loss benefits" from the second job. Any similarity of "wage loss benefits" to "temporary total disability" under workers' compensation, based on the fact that temporary total disability is paid by employers and insurers and the legislation under review is funded by contributions of employers and insurers, does not reasonably allow a construction the appellant proposes. In construing a subsection different from the one in question, the court repeated an axiom of statutory construction that,"... words used are to be considered in their plain and ordinary meaning to ascertain the intent of the legislature." *Garibay v. Treasurer of Missouri,* 930 S.W.2d 57, 60 (Mo.App.1996). The plain meaning of the subsection involved in the case at bar shows an intent by the legislature to compensate for wage loss benefits for a second employment, and to limit the duration of those benefits. The point is denied.

■ Stark's second point, that the 1993 amendment deals with procedure rather than substantive matter and should have retroactive application, must fail. "The general rule is that statutes are not applied retroactively." *In re Estate of Wilkinson,* 843 S.W.2d 377, 382 (Mo.App.1992); Article I, Section 13 Mo. Const. Exceptions to the rule are when the legislature "shows an intent for retroactive application," or "where the statute is procedural only and does not affect any substantive rights of the parties." *Wilkinson,* 843 S.W.2d at 382. A substantive law relates to rights and duties giving rise to the cause of action, while procedural statutes supply the machinery used to effect the suit. *Wilkes v. Missouri Highway and Transportation Comm'n,* 762 S.W.2d 27 (Mo. banc 1988); *Fletcher v. Second Injury Fund,* 922 S.W.2d 402, 407—08 (Mo.App.1996).

In *Stillwell v. Universal Construction Co.,* 922 S.W.2d 448, 455—56 (Mo.App.1996), this court said the constitutional prohibition to retroactive application controlled in a situation where the subsequent amendment merely increased the limit in the burial allowance, saying the employer had a vested right as to the amount of liability. The statute at issue in the present case is similar. As the Administrative Law Judge pointed out, prior to this amendment, an injured person had no claim against the Fund for second job wage loss benefits. The amendment did not fine tune an existing right—it created a new cause of action. As such, it is substantive in nature and not susceptible to retroactive application.

The judgment is affirmed.

All concur.