Lori L. DALBA, Employee/Respondent,

v.

**YMCA OF GREATER ST. LOUIS,**
Employer/Appellant.

No. ED 79892.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 26, 2002.

Jeffrey Michael Proske, Law office of Evans & Dixon, St. Louis, MO, for Appellant.

David M. Nissenholtz, Law office of Cofman & Townsley, St. Louis, MO, for Respondent.

SHERRI B. SULLIVAN, Presiding Judge.

## Introduction

YMCA of Greater St. Louis (YMCA) appeals from a Final Award Allowing Compensation (Final Award) of the Labor and Industrial Relations Commission (Commission) affirming the Award and Decision of the Administrative Law Judge (ALJ) granting Lori L. Dalba (Dalba) an increased rate of temporary total disability and permanent partial disability benefits that incorporated wages from Dalba's second job. We affirm.

## Factual Background

YMCA employed Dalba who injured her right shoulder loading volleyball poles into a van on January 25, 1998. In April 1998, Dalba underwent surgery involving arthroscopic debridement of mild bicipital tendonitis of the right shoulder, arthroscopic subacromial bursectomy, open excision of torn acromioclavicular joint meniscus, excision of distal clavicle, and open acromioplasty of the right shoulder. In August 1999, a second surgery was performed to excise additional bone from the clavicle. The parties stipulated that Dalba has 30% permanent partial disability to the right shoulder.

During her employment with YMCA, Dalba worked a second job. She missed time at both jobs due to her injury.

## Procedural Background

Dalba filed a Report of Injury with the Division of Workers' Compensation (Division) on February 9, 1998, and a Claim for Compensation with the Division on May 4. YMCA filed its Answer to Claim for Compensation with the Division on May 29. The Second Injury Fund also filed an Answer to Claim for Compensation with the Division on June 3. In February 2001, the parties submitted the matter to the ALJ with a stipulated set of facts. The sole issue presented for resolution was the interpretation of a 1998 amendment to Section 287.250.8 that would affect the rate of benefits awarded to Dalba.

In April 2001, the ALJ granted Dalba's Claim for Compensation in her Award and Decision, finding that the 1998 amendment to Section 287.250.8 was substantive and thus should not be applied retroactively. Accordingly, the ALJ concluded that Dalba was entitled to an increased rate of temporary total disability and permanent partial disability benefits that incorporated wages from Dalba's second job.

Subsequently, YMCA filed an Application for Review with the Commission. On June 29, 2001, the Commission entered its Final Award, affirming and incorporating by reference the ALJ's Award and Decision. YMCA appeals from the Final Award.

## Standard of Review

Section 287.495.1 RSMo. (2000) provides the standard of review for the appellate court in workers' compensation cases. It provides in relevant part:

> The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside

the award upon any of the following grounds and no other: (1) that the commission acted without or in excess of its powers; (2) that the award was procured by fraud; (3) that the facts found by the commission do not support the award; (4) that there was not sufficient competent evidence in the record to warrant the making of the award.

█ Decisions of the Commission that are clearly interpretations or applications of law are reviewed for correctness without deference to the Commission's judgment. *Tidwell v. Kloster Co.*, 8 S.W.3d 585, 588 (Mo.App. E.D.1999).

*Discussion*

YMCA raises two points on appeal. In its first point, YMCA argues that the Commission erred as a matter of law and acted without its powers in holding that Dalba is entitled to an increased compensation rate and that the 1998 amendment to Section 287.250.8 does not apply retroactively because the amendment is procedural not substantive in that it deals with the amount of benefits only not the right to benefits.

In 1993, the Missouri legislature rewrote Section 287.220 of the Workers' Compensation Law. Section 287.220.9 RSMo. (1994) provided:

Any employee who at the time a compensable work-related injury is sustained is employed by more than one employer, the employer for whom the employee was working when the injury was sustained shall be responsible for wage loss benefits applicable only to the earnings in that employer's employment and the injured employee shall be entitled to file a claim against the second injury fund for any additional wage loss benefits attributed to loss of earnings from the employment or employments where the injury did not occur, up to the maximum weekly benefit less those benefits paid by the employer in whose employment the employee sustained the injury. The employee shall be entitled to a total benefit based on the total average weekly wage of such employee computed according to subsection 8 of section 287.250. The employee shall not be entitled to a greater rate of compensation than allowed by law on the date of the injury. The employer for whom the employee was working where the injury was sustained shall be responsible for all medical costs incurred in regard to that injury. The provisions of this subsection shall expire on August 28, 1996.

Effective August 28, 1998, the legislature amended Section 287.220.9 by deleting the last sentence providing that the provisions of the subsection shall expire on August 28, 1996.

Also in 1993, the Missouri legislature added subsection 8 to Section 287.250 of the Workers' Compensation Law. Section 287.250.8 RSMo. (1994) provided:

For an employee with multiple employments, the employee's total average weekly wage shall be equal to the sum of the total average weekly wage computed separately for each employment pursuant to the provisions of this section to which the employee is unable to return because of the injury.

Effective August 28, 1998, the legislature amended Section 287.250.8 to provide:

For an employee with multiple employments, *as to the employee's entitlement to any temporary total or temporary partial disability benefits only pursuant to subsection 9 of section 287.220, and for no other purposes,* the employee's total average weekly wage shall be equal to the sum of the total *of the* average weekly wage computed separately for each employment pursuant to the provi-

sions of this section to which the employee is unable to return because of *this* injury.

(italics indicate change.)

 Dalba's injury on January 25, 1998 occurred prior to the effective date, August 28, of the 1998 amended version of Section 287.250.8. Statutes are generally presumed to operate prospectively. *Holden v. Antom, Inc.*, 930 S.W.2d 526, 528 (Mo. App. E.D.1996). A statute may be applied retroactively if: (1) the legislature clearly expresses its intent that it be given retroactive application in the express language of the act or by necessary or unavoidable implication; or (2) the statute is merely procedural or remedial, not substantive, in its operation. *Id.*

The express language of Section 287.250.8 RSMo. Cum.Supp. (1998) does not indicate a clear expression by the legislature of any intent that the section be given retroactive application nor do we find any such intent by necessary or unavoidable implication.[1]

 Further, YMCA argues that the 1998 amendment to Section 287.250.8 was procedural because it affected "only the amount of recovery for causes of action which had continued unchanged." Amendments to statutes affecting the measure of damages are not necessarily procedural. *See Liberty Mut. Ins. Co. v. Garffie*, 939 S.W.2d 484, 487 (Mo.App. E.D.1997). A substantive law relates to rights and duties giving rise to the cause of action, while procedural statutes supply the machinery used to effect the suit. *Stark v. Missouri State Treasurer*, 954 S.W.2d 645, 647 (Mo.

App. W.D.1997). Additionally, a substantive law takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already passed. *State ex rel. St. Louis–San Francisco Ry. Co. v. Buder*, 515 S.W.2d 409, 410 (Mo. banc 1974).

Dalba's injury occurred on January 25, 1998, falling between the expiration of Section 287.220.9 RSMo. (1994), namely, August 28, 1996, and the effective date of Section 287.220.9 RSMo. Cum.Supp. (1998), namely, August 28, 1998. Therefore, Section 287.220.9 was not in effect at the time of Dalba's injury. The 1998 amendment to Section 287.250.8 refers to Section 287.220.9, which has been deemed substantive, and vice versa. *See Stark*, 954 S.W.2d at 647; *Patrick v. Clark Oil & Refining Co.*, 965 S.W.2d 414, 416 (Mo. App. S.D.1998).

 Moreover, Section 287.250.8 RSMo. (1994), in effect at the time of Dalba's injury, enhanced the average weekly rate used in calculating the permanent partial disability benefits of an employee. *Hillyard v. Hutter Oil Co.*, 978 S.W.2d 75, 76 (Mo.App. S.D.1998). The 1998 amendment to Section 287.250.8 refers to an employee's entitlement to any temporary total or temporary partial disability benefits, and thus the amendment affects an employee's rights to certain benefits under certain circumstances. Therefore, we find Section 287.250.8 RSMo. Cum.Supp. (1998) to be substantive, not procedural or remedial.[2]

1. We note that the legislature added subsection 9 to Section 287.250 in 1998 as well. In this subsection, the legislature expressly provided that it "shall be retroactive in effect."

2. We draw this conclusion with the following guidance in mind:

> The underlying repugnance to the retroactive application of laws is that an act or transaction, to which certain legal effects were ascribed at the time they transpired, should not, without cogent reasons, thereafter be subject to a different set of effects which alter the rights and liabilities of the

Accordingly, the Commission did not err in not applying Section 287.250.8 RSMo. Cum.Supp. (1998) retroactively and in granting Dalba an increased rate of temporary total disability and permanent partial disability benefits that incorporated wages from Dalba's second job. YMCA's point one on appeal is denied.

■ In its second point on appeal, YMCA argues that the Commission erred as a matter of law and acted without its powers in holding that Dalba is entitled to an increased compensation rate and that the 1998 amendment to Section 287.250.8 does not apply retroactively because the section's language suggests retroactive application as the language of the rate calculation statute indicates it should be used for purposes of the Second Injury Fund and for no other purpose and because the amendment was remedial, correcting the failure of the legislature to extend the earlier version of the statute beyond its sunset provision and to rectify improper interpretations of the affect of such provision.

We have already indicated above that the express language of Section 287.250.8 RSMo. Cum.Supp. (1998) does not indicate a clear expression by the legislature of any intent that the section be given retroactive application and that the 1998 amendment was substantive, not procedural or remedial. YMCA also argues that Dalba has a claim against the Second Injury Fund for lost wages from her second job. However, also as indicated above, Section 287.220.9 was not in effect at the time of Dalba's injury. To imply that the legislature intended the amendment to apply retroactively would be to impose liability on the Second Injury Fund at a time when no

parties thereto. Merely to label certain consequences as substantive and others as procedural does not give sufficient consideration to this principle, and notions of

such liability existed. Thus, the statute is substantive in its operation.

Accordingly, YMCA's point two on appeal is denied.

*Conclusion*

The Commission did not err as a matter of law or act without its powers. Accordingly, the decision of the Commission is affirmed.

⋅ LAWRENCE G. CRAHAN, J., and LAWRENCE E. MOONEY, J., concur.

justice and fair play in a particular case are always germane. *Buder,* 515 S.W.2d at 411.