In the ESTATE OF Alva Ray SPRAY, Deceased.

Glen L. Miller, Claimant–Respondent,

v.

Dorsey A. Swearingen, Personal Representative–Respondent,

and

Eugene Spray, Geneva Maridee Frederick, Margie Corrine Thrasher, and Vance Leon Spray, Appellants.

No. ED 80032.

Missouri Court of Appeals, Eastern District, Division Four.

May 21, 2002.

---

Seth D. Shumaker, Kirksville, MO, for appellants.

Kimberly J. Nicoli, Memphis, MO, Dorsey Swearingen, Pro Se, Baring, MO, Glen L. Miller, Pro Se, Memphis, MO for respondents.

LAWRENCE E. MOONEY, Judge.

The appellants, various heirs and legatees of the decedent, Alva Ray Spray, challenge the court's allowance of Glen Miller's claim against the decedent's estate. Because we find the claim is time-barred, we reverse.

## FACTS

Dorsey Swearingen, the decedent's nephew, attorney-in-fact, and eventual personal representative of the estate, contacted the claimant in early December, 1999, about cleaning out two ponds on the decedent's farm. After this early December meeting, the claimant testified that he had no further conversations with Mr. Swearingen about the job, nor were there any further changes or instructions given regarding the job. The claimant started his work on December 8, 1999, and completed the job sometime in July of 2000. Upon finishing his work in July, the claimant presented his bill to Mr. Swearingen. At this same time the claimant became aware that the decedent had passed away on December 13, 1999. The claimant filed his claim against the estate for this work on February 20, 2001. Following a hearing, the court allowed this claim, and the various heirs and legatees of the decedent appeal.

## DISCUSSION

■ In reviewing the court's allowance of this claim against the estate, we are required to affirm the court's decision, as in any court-tried case, unless there is no substantial evidence to support the decision, unless it is against the weight of the evidence, or unless the court erroneously declares or applies the law. *In re Estate of Wray,* 842 S.W.2d 211, 213 (Mo.App. E.D.1992); *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

■ The appellants contend the claim against the estate is time-barred because the claim was filed in the probate division over one year after the decedent's death. We agree.

Section 473.444 RSMo.2000 requires claims against an estate to be filed within one year of a decedent's death. That section further provides, in pertinent part, that except for several enumerated claims not applicable in this case, "all claims against the estate of a deceased person . . . which are not filed in the probate division . . . shall become unenforceable and shall be forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent one year following the date of the decedent's death. . . ." *See also, In re Estate of Wilkinson,* 843 S.W.2d 377, 381–2 (Mo.App. E.D.1992). This statute applies " . . . whether or not during such period a claimant has been given any notice, actual or constructive, of the decedent's death or of the need to file a claim in any court. . . . "

Section 473.444; *See also, Estate of Wilkinson,* 843 S.W.2d at 381.

In this case, the decedent passed away on December 13, 1999. The claimant did not file his claim against the estate in the probate division until February 20, 2001, some fourteen months after the decedent's death. This claim against the estate is time-barred under Section 473.444. Since the claimant's claim is time-barred, the court erroneously applied the law in allowing the claim. Accordingly, we reverse the judgment.

SHERRI B. SULLIVAN, P.J., and LAWRENCE G. CRAHAN, J., concur.